FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAR 21 PM 2: 06
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANDRE MAURICE JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) CV 112-197 |
| MARC RICHARDS, Taliaferro, GA Sheriff, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Charles B. Webster Detention Center in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen

I.  **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Marc Richards, the Sheriff of Taliaferro County, Georgia; (2) Daryl Evans, whom Plaintiff alleges is the Chief Deputy of the Crawfordville, Georgia police force; (3) and Ronnie Evans, whom Plaintiff alleges is the "Police Chief" of the Crawfordville, Georgia police force. (Doc. no.1, pp. 1, 4.)

Plaintiff alleges that, on May 10, 2011, Defendant Daryl Evans "was ordered by high authority" to transport Plaintiff and two other inmates from the "Crawfordville County Jail" to Augusta State Medical Prison ("ASMP") in his "personal vehicle," a 2008 Chevrolet Tahoe. (Id. at 5-6.) Plaintiff alleges that, although he and the other inmates were "shackled," the vehicle had no "protective cage" separating backseat passengers from the driver. (Id. at 6.) Plaintiff asserts that the lack of a protective cage constitutes a "violation of GA transportation law." (Id.) Plaintiff next alleges that, as Defendant Daryl Evans pulled the vehicle out of the jail parking lot, Defendant Daryl Evans flashed the Tahoe's high-beam headlights at a black Crown Victoria in a nearby parking lot, which then began to follow the Tahoe. (Id. at 6-7.) Plaintiff alleges that Defendant Daryl Evans spoke on his cell phone and looked in the rearview mirror during the drive, and that Plaintiff found that behavior "suspicious." (Id. at 7.)

---

Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

Next, Plaintiff alleges that, "around 4:00 A.M.," Defendant Daryl Evans stopped at a Waffle House in McDuffie County, Georgia, whereupon he exited the vehicle and walked into the Waffle House, leaving the keys in the ignition, the engine running, and the driver's side door open. (Id.) Plaintiff alleges that the black Crown Victoria then pulled into the Waffle House parking lot with its passenger side window rolled down and a masked man with an Uzi visible inside. (Id.) Plaintiff alleges that he then "jump[ed] into action to save his life and the life of the other inmates" by taking control of the Tahoe and exiting the Waffle House parking lot, at which point the other inmates "jumped out."[2] (Id. at 7-8.) Plaintiff alleges that, although his plan was to drive the vehicle to ASMP, police officers began to pursue him and the chase ended when he crashed into a ditch.[3] (Id. at 8.)

In connection to the alleged incident described above, Plaintiff asserts that Defendants Daryl Evans, Richards, and Ronnie Evans are all participants in a conspiracy designed to generally endanger his life. (Id. at 9.) In particular, Plaintiff alleges that he drove away from the Waffle House in the Tahoe out of "fear [for] his life," in that he was

---

[2]Although Plaintiff asserts here that three inmates exited the vehicle, he alleged earlier in his complaint that Defendant Evans was transporting himself as well as only two other inmates. (Compare doc. no. 1, p. 5, with id. at 7.)

[3]Plaintiff has attached to his complaint a series of police reports and other documents indicating that he was indeed involved in a high-speed chase with police officers in which he commandeered a Tahoe owned by the Taliaferro Sheriff's Office, eventually crashed into a ditch, was pepper sprayed while running from the scene of the accident, and was charged with fleeing from police, obstructing an officer, and reckless driving. (See doc. no. 1, pp. 12-15.) Notably, nowhere in those documents is there any mention of a Crown Victoria or a man with an Uzi.

3

unsure if Defendant Richards had ordered a "hit for hire" on him because of his connection to the victims of a crime for which Plaintiff has been indicted,[4] or if Ronnie Strength, a non-party to this action, had ordered a hit for hire as retribution for a § 1983 claim that Plaintiff filed in April of 2011. (Id. at 8.) Regardless of the source of the alleged hit, Plaintiff alleges that Defendant Daryl Evans left him inside the Tahoe so that he would be murdered. (Id.) Additionally, Plaintiff repeatedly asserts that he was put in danger as a result of Defendant Daryl Evans "breaking [Georgia] Transportation procdure[s]" by failing to have a protective cage in his car and by stopping the Tahoe at the Waffle House. (Id. at 5, 8-9.) Finally, Plaintiff asserts that Defendants Richards and Ronnie Evans are clearly implicated in the alleged conspiracy based on their failure to punish Defendant Daryl Evans for his alleged failure to follow proper transportation procedures. (Id. at 9.)

In his request for relief, Plaintiff seeks general and punitive monetary damages from each Defendant.

## II. DISCUSSION

As an initial matter, the Court notes that Plaintiff's complaint simply consists of a lengthy narrative wherein he stole a vehicle owned by the Taliaferro County Sheriff's Office, was chased by police, and was eventually apprehended. Moreover, outside of the very few vague and conclusory accusations that he explicitly levels against Defendants, it is altogether

---

[4]In another recent case filed by Plaintiff, the Court recommended the dismissal of Plaintiff's complaint due to its potential interference with Plaintiff's pending state criminal proceedings. See Jackson v. Fanning, CV 112-159, doc. no. 14 (S.D. Ga. Feb. 25, 2013). In the instant complaint, Plaintiff appears to reference the same pending proceedings.

4

unclear what sort of wrongdoing he alleges those Defendants to have actually committed. At best, Plaintiff has described a scenario that does nothing more than demonstrate his own culpability for the crimes and infractions with which he was eventually charged, and that he has attempted to justify by adding fantastical allegations concerning a "mask[ed] bandit" and a deep-seated conspiracy.[5] Nevertheless, the Court will proceed to address the claims set forth in the complaint.

First, Plaintiff has failed to state a viable claim for conspiracy. An attempted conspiracy claim supported only by conclusory, vague, and general allegations is subject to dismissal. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed."). To prevail on a conspiracy claim under § 1983, a plaintiff must (1) show that the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specifics as to when or how an agreement between any persons, let alone an

---

[5]Notably, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the case at any time that it determines the case to be "frivolous or malicious," and claims "describing fantastic or delusional scenarios" are correctly deemed frivolous. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation and quotation omitted) (noting that the federal district courts are familiar with and sufficiently experienced to recognize frivolity in prisoner cases).

agreement involving any Defendants, may have been reached to violate Plaintiff's rights. Rather, Plaintiff simply alleges in an entirely conclusory manner that Defendants are involved in a conspiracy and fails to explain, for instance, what possible conspiratorial connection – or connection at all – might exist between the Crawfordville police force and the Taliaferro County Sheriff's Office (see doc. no. 1, p. 9). As noted above, such conclusory allegations are insufficient to state a claim for conspiracy under § 1983. Accordingly, Plaintiff has failed to state a viable conspiracy claim.

Next, Plaintiff fails to mention Defendants Richards and Ronnie Evans outside of the caption of his complaint and briefly in relation to his vague allegations concerning a conspiracy, which, as noted above, fail to state a viable claim. However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendants Richards and Ronnie Evans and an alleged unconstitutional

deprivation, Plaintiff fails to state a claim for relief against those Defendants, and they are subject to dismissal on that ground alone.

Finally, as to Plaintiff's repeated references to Defendant Daryl Evans's supposed failure to abide by "Georgia transportation laws," those allegations fail to state a claim under § 1983 as well. First, Plaintiff does not point to – and the Court is not aware of – any authority supporting his ability to bring a § 1983 claim premised on the alleged violation of a state law or regulation that does not itself implicate any sort of constitutional right. See Davis v. Scherer, 468 U.S. 183, 193-97 (1984) (noting that a defendant official's violation of a statute or regulation did not itself form the basis of a lawsuit under § 1983, nor did it deprive the defendant official of qualified immunity). Stated differently, the laws and regulations that Plaintiff addresses in his complaint do not have any bearing on Plaintiff's constitutional rights for purposes of asserting a § 1983 claim; he is not, for instance, constitutionally entitled to a protective cage between himself and the driver of a police vehicle.[6] Additionally, even if there *were* state laws mandating the presence of a protective cage – or prohibiting a state official from stopping his vehicle during the transport of a prisoner – any claims based on violations of those laws would be state law claims, and Plaintiff has not established that he has a viable federal claim that might allow for the Court to exercise supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367. Therefore, Plaintiff's allegations concerning Defendant Daryl Evans's supposed

---

[6]In fact, although it is far from a dispositive factor, the Court notes that Plaintiff's allegation that the lack of a protective cage somehow put his life in danger is contradictory in light of his apparent allegation that it was the very lack of a protective cage that presumably allowed him to take control of the Tahoe and begin "the high speed chase for [his] life." (See doc. no. 1, p. 5.)

7

failure to abide by certain transportation laws or regulations again fails to state a viable claim under § 1983.

In sum, Plaintiff has failed to set forth any allegations in his conclusory complaint that give rise to a viable claim under § 1983, and he has in fact only described the implausible circumstances that led to his theft of a vehicle owned by the Taliaferro Sheriff's Office, his flight from the police, and his eventual apprehension. Plaintiff's vague allegations against the named Defendants appear to be no more than an after-the-fact and markedly transparent attempt at justifying his actions, and the Court accordingly declines to entertain them any further here.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of March, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE